United States District Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARROWHEAD ENVIRONMENTAL PARTNERS, LLC, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-01772 |
| PHASE III ENVIRONMENTAL SERVICES, INC., *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Alternate Service of Process. Doc. #7. Plaintiff asks that the Court allow it to serve Defendants Steven Hoats ("Hoats") and Phase III Environmental Services, Inc. ("Phase III") (collectively, "Defendants") via email. *Id.* Pursuant to Federal Rule of Civil Procedure 4(e), a party may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Under Rule 106(a) of the Texas Rules of Civil Procedure, "[s]ervice of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested." *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *2 (S.D. Tex. Mar. 20, 2013) (citing TEX. R. CIV. P. 106(a)). However, "if either of the two aforementioned methods are unsuccessful, upon receipt of an affidavit satisfying Rule 106(b), a court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice." *Id.* (citing

TEX. R. CIV. P. 106(b)). Service via email is appropriate "when the record shows (1) diligent efforts to effect traditional service at a physical address and (2) that the defendant has recently communicated using the e-mail address proposed for service." *Id.* at *3 (collecting cases).

Here, the record reflects that Plaintiff has diligently attempted to serve Defendants at a physical address, and provided affidavits including the dates and times of attempted service. *See* Doc. #7, Ex. 4 at 2–3, Ex. 5 at 2–3. The record also reflects that Hoats, who is Phase III's sole owner and president, has recently communicated using the email address that Plaintiff has proposed for service. *See* Doc. #7, Ex. 3 at 2, Ex. 7 at 2. Accordingly, the Court finds that service via email is appropriate in this case.

For the foregoing reasons, the Court hereby GRANTS the Motion for Alternate Service of Process. Doc. #7. The Court further ORDERS that service of process may be made on Phase III and Hoats by sending the Complaint, exhibits, and summons via email to their known email address, steve@phase3env.com.

It is so ORDERED.

AUG 0 5 2024
Date

The Honorable Alfred H. Bennett
United States District Judge